UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
JAN 1 3 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> -vs.- <br><br> MATHIS IMPLEMENT, INC., a South Dakota Corporation, et al., <br><br> Defendants. | CIV. 04-3005 <br><br> ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants have filed a motion (Doc. 72), seeking relief from the Order and Opinion of the court entered on December 28, 2005. The motion seeks reconsideration of what the court did earlier. This case presents a situation where the defendants are all intertwined and members of the Mathis family. These people conspired together for a number of years to operate a series of shell games to avoid taxes lawfully due in connection with Mathis Implement and the employees, officers, directors, and stockholders thereof. Leona Mathis was indicted in the criminal case and had the full opportunity to litigate whatever she pleased in that action. She chose not to do so. She and her husband obtained a very favorable plea bargain so that she could be dismissed as a defendant. She would now seek to have it both ways. This is not to be permitted. There is no genuine issue of material fact to show that all defendants in the present case were not and are not in privity with Richard Mathis, Doyle Mathis, and Scot Mathis. The requirements for collateral estoppel and judicial estoppel are fully met here. They are all in privity. The motion should be denied.

In addition, all that is involved in this action is the foreclosure upon real property used to operate Mathis Implement. No personal judgment is sought against any defendant for money damages or any kind.

In addition to denying the motion on the merits, the Court will deny what amounts to a motion to reconsider because it is procedurally improper. Defendants cite no authority which would permit, much less require, a reconsideration. They do not seek to proceed under Fed.R.Civ.P. 60. The Order and Opinion in question was not entered on a default basis. The Federal Rules of Civil Procedure do not allow a "motion to reconsider." *See* Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1081 (8th Cir. 1993), and In re Trout, 984 F.2d 977, 978 (8th Cir. 1993) (warning counsel that the Federal Rules of Civil Procedure do not provide for a motion for reconsideration and directing counsel to properly designate a motion under the rule authorizing the motion). The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As now Chief Judge Loken observed in his opinion in Wilkins v. Hartford Life and Accident Insur. Co., 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court." *See also* Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999) (Rule 60(b) motion is not for purpose of rearguing, somewhat more fully, merits of claim). Now, therefore,

IT IS HEREBY ORDERED that the motion of defendants (Doc. 72) is hereby denied.

Dated this 13th day of January, 2006.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                DEPUTY
(SEAL)